UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANGELA JANNAZZO,

                            Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                           Defendant.
----------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
15-cv-3506(ADS)(AYS)

FILED
CLERK
4/13/2016 4:38 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Donald J. Weiss, Esq.**
*Attorney for the Plaintiff*
363 Seventh Avenue
New York, NY 10001

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Government*
610 Federal Plaza
Central Islip, NY 1722
       By: Diane C. Leonardo-Beckmann, Assistant U.S. Attorney

**SPATT, District Judge:**

On June 16, 2015, the Plaintiff Angela Jannazzo ("Jannazzo" or the "Plaintiff") commenced this personal injury action against the United States Government (the "Government") under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The Plaintiff seeks to recover money damages for injuries she allegedly sustained when she tripped and fell while walking through a graveyard owned and operated by the Department of Veterans Affairs (the "VA").

On October 5, 2015, the Plaintiff timely filed an amended complaint, which is now the operative pleading in this case.

1

Presently before the Court is a motion by the Government, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), to dismiss the amended complaint, and a request by the Plaintiff, presumably pursuant to Fed. R. Civ. P. 15(a) – though not delineated as such – for leave to file a second amended complaint. For the reasons that follow, the Government's motion to dismiss is denied, and the Court finds the Plaintiff's request for leave to amend to be moot.

## I. Background

### A. The Facts Alleged in the Amended Complaint

The following facts are drawn from the amended complaint and are construed in favor of the Plaintiff.

On the morning of June 27, 2014, the Plaintiff was visiting her grandfather's burial plot located in the Long Island National Cemetery in Farmingdale (the "Cemetery"). See Am. Compl. ¶ 10. While walking through the Cemetery, she allegedly "was caused to violently trip and fall" due to "a depressed section of grassy area followed by a concrete curb elevated above the grassy area." Id. ¶¶ 12-13.

On these facts, the Plaintiff asserts a cause of action based on common law negligence, alleging that the "abrupt variation in elevation between the depressed grassy area and the concrete curb created a significant tripping hazard" and constituted a breach by the Government of its duty to keep and maintain the Cemetery in a safe condition. See id. ¶¶ 15-17. Further, the Plaintiff alleges that the Government had constructive notice of this condition "as [it] existed for a long and unreasonable length of time prior to the accident" in question, so that the

2

Government, "in the exercise of reasonable care, could and should have known" of its existence. See id. ¶ 18.

The Plaintiff also asserts a cause of action based on vicarious liability, alleging that unspecified agents and employees of the VA, acting in the scope of their employment with the Government, were responsible for creating the condition that allegedly caused the Plaintiff's injuries. See id. ¶¶ 23-25. Therefore, according to the Plaintiff, the Government is liable for their negligent acts or omissions. See id. ¶¶ 27-28.

The amended complaint attached a notice of claim form, entitled "Claim for Damage, Injury, or Death," which Jannazzo allegedly submitted to the VA pursuant to 28 U.S.C. § 2675 on or about January 15, 2015. See Am. Compl. Ex. "A." The amended complaint also attached a response letter from the VA, dated May 28, 2015, which stated, in relevant part:

> A review of the circumstances associated with this case reveals that there was no negligence on the part of the Department of Veterans Affairs or any of its employees. Specifically, an immediate inspection of the accident location, after your client reported it to staff, did not reveal any abnormal defect. Additionally, the record reflects that your client advised that she was not watching where she was stepping after unnecessarily stepping on to a grassy area in order to dump water from a vase, when there was available walkway space at the columbaria. Accordingly, the claim is hereby denied.

Am. Compl. Ex. "B."

**B.   The Instant Motion**

On October 16, 2015, the Government filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking to dismiss the amended complaint for failing to

3

state a claim upon which relief can be granted. In particular, the Government relies upon a September 4, 2014 expert report from one Richard Berkenfeld (the "Berkenfeld Report"), which indicates that the height differential between the grass and the curb which allegedly caused the Plaintiff's accident was measured to be approximately 7/8 of an inch. See Oct. 15, 2015 Declaration of AUSA Diane C. Leonardo (the "Leonardo Decl."), Ex. "B". The principal basis for the Government's motion is that a defective condition cannot exist, as a matter of law, where the height differential alleged to have caused a trip and fall accident is measured to be one inch or less.

The Government also contends that the Plaintiff failed to state sufficient facts to plausibly allege that the Government was on constructive notice of the existence of the condition. The Government argues that, even assuming a dangerous condition existed, the Plaintiff's conclusory allegation that the condition at issue "existed for a long and unreasonable length of time prior to the accident" is insufficient to pass Rule 12 muster.

In opposition, the Plaintiff argues that the amended complaint sufficiently alleges the essential elements of a slip-and-fall claim, and that the question of whether a dangerous condition existed is a question of fact to be resolved by a jury. Further, the Plaintiff counters the assertion that she failed to adequately plead constructive notice by submitting a factual affidavit, which states, in relevant part, that she had visited the Premises one year earlier and observed that "the grassy

4

area was in the same condition" as on the date of her accident. See Oct. 18, 2015 Affidavit of Angela Jannazzo (the "Jannazzo Aff.") ¶ 5.

The Plaintiff concedes that this fact is not contained in the amended complaint, and requests that the Court deem her opposition to the present motion as a motion for leave to file a second amended complaint.

## II. Discussion

### A. The Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." Otis-Wisher v. Medtronic, Inc., 14-cv-3491, 2015 U.S. App. LEXIS 9565, at *2 (2d Cir. June 9, 2015).

### B. Threshold Issue – Whether the Court May Consider Materials Outside the Amended Complaint

At the outset, the Court notes that both parties have submitted documentary evidence in connection with this motion, namely, the Berkenfeld Report and the Jannazzo Affidavit. Thus, although neither party addressed this question in their respective briefs, as a threshold matter, the Court must determine whether it is appropriate to consider such evidence in adjudicating the instant motion.

"A motion to dismiss under Rule 12(b)(6) 'presents a pure legal question, based on allegations contained within the four corners of the complaint." McMillan v. N.Y. State Bd. of Elections, 10-cv-2502, 2010 U.S. Dist. LEXIS 109894, at *11-*12 (E.D.N.Y. Oct. 15, 2010), aff'd, 449 F. App'x 79 (2d Cir. 2011) (quoting Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010)); see Muhammad v. New York City Tr. Auth., 450 F. Supp. 2d 198, 202 (E.D.N.Y. 2006) (noting that "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint" (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)).

Thus, it is well-settled that "[t]he materials a court may consider when deciding a motion to dismiss under Rule 12(b)(6) are limited." Armand v. Osbourne, 11-cv-4182, 2014 U.S. Dist. LEXIS 23911, at *9 (E.D.N.Y. Feb. 24, 2014). In particular, "a court considering a . . . motion to dismiss for failure to state a claim generally may not consult evidence outside the pleadings." Vailette v. Lindsay, 11-cv-3610, 2014 U.S. Dist. LEXIS 114701, at *8 (E.D.N.Y. Aug. 18, 2014). Rather, in adjudicating such a motion, "consideration is limited to the factual allegations in plaintiffs' amended complaint . . . , to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993). If any other materials are " 'presented to and not excluded by the court, the motion shall be treated as one for summary judgment

6

and disposed of as provided in [Fed. R. Civ. P.] 56, and all parties shall be given reasonable opportunities to present all material made pertinent to such a motion.'" Muhammad, 450 F. Supp. 2d at 203 (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)).

"Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." Carione v. United States, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005).

In this case, the Government's motion is based almost entirely upon a finding contained in the Berkenfeld Report that the allegedly dangerous condition which caused the Plaintiff's accident measured only 7/8 of an inch. However, the Berkenfeld Report is neither attached to the amended complaint nor explicitly incorporated by reference in it. Further, the attorney declaration through which the Government submitted the Berkenfeld Report to the Court does not provide any sworn statement regarding the origins of the report or any other authenticating information. Instead, the Government asserts in a supporting unsworn legal memorandum that the report was submitted by the Plaintiff in support of her administrative claim to the VA. See Govt. Memo of Law at 1.

The Plaintiff does not deny that she submitted the Berkenfeld Report to the VA in support of her administrative claim. In fact, the claim form that the Plaintiff annexed to her amended complaint, which was submitted to the VA in January 2015, makes explicit reference to an attachment, which "more fully set forth" the

7

basis for her claim, although the Berkenfeld Report is not identified by name. See Am. Compl., Ex. "A". Further, the Plaintiff does not contest the Government's reliance upon the report for purposes of this motion, or otherwise contend that the Court should refrain from considering it at this juncture. On the contrary, Jannazzo appears to concede its place in the record by indicating in the opening line of her legal memorandum that, on the date in question, she was caused to trip and fall "over the lip of a concrete curb which protruded *7/8"* above the surface of a grassy area at the Cemetery." Pl. Memo of Law at 1 (emphasis supplied).

The parties' apparent agreement notwithstanding, in an exercise of its discretion, the Court declines to consider the Berkenfeld Report in resolving this motion. Simply stated, at the motion to dismiss phase of a civil case, documentary evidence, such as facts contained in an expert report, generally will have no bearing on the trial judge's consideration of the "pure legal question" before it. McMillan, 2010 U.S. Dist. LEXIS 109894, at *11-*12. Stated otherwise, unless this motion is to be converted to one for summary judgment – relief neither party has requested, and indeed, a consequence the possibility of which adequate notice was not given – the Court's focus must remain trained on the four corners of the amended complaint.

In reaching this conclusion, the Court recognizes that the Berkenfeld Report may arguably be viewed is a natural extension of another document, namely, the administrative claim form, which is expressly referenced in, and duly attached to, the amended complaint. In fact, the Court notes that FTCA plaintiffs are required

to exhaust their administrative remedies before commencing suit in federal court, and to affirmatively plead their satisfaction of this requirement. See McIntosh v. United States, 14-cv-7889, 2016 U.S. Dist. LEXIS 44290, at *37*38 (S.D.N.Y. Mar. 31, 2016) (noting that "[w]hen bringing an FTCA claim, plaintiffs are required to first exhaust their administrative remedies" and then "bear[ ] the burden of pleading compliance with the FTCA's exhaustion requirement" (internal quotation marks and citations omitted)). To that end, the Plaintiff in this case alleged that she "fully complied with the" relevant exhaustion requirement, and attached the underlying administrative claim form to her complaint, albeit without the supporting Berkenfeld Report. Thus, the argument could be made that the Berkenfeld Report forms a natural part of the underlying administrative record in this case, and may therefore be considered in resolving the instant motion.

However, the Court is not persuaded that this reasoning is appropriate here. The underlying administrative claim form was apparently submitted simply to satisfy the Court that the Plaintiff successfully discharged her jurisdictional burden of exhausting her administrative remedies – a proposition that the Government does not challenge. Beyond this, the Court has no reason to believe that the Plaintiff also attached the claim form because she believed that its factual content was integral to her substantive claim. Nor does the Court have reason to believe that Jannazzo specifically relied on her administrative claim to the VA, or any underlying documentary evidence, in framing the complaint in this action. Therefore, because the Plaintiff seeks to rely on the Berkenfeld Report as evidence

9

of the truth of a fact asserted therein, the Court finds that the report has no place in the present analysis and will not be considered. See, e.g., Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) ("The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient"); Doe v. Knights of Columbus, 930 F. Supp. 2d 337 (D. Conn. 2013) ("[I]n ruling on a Rule 12(b)(6) motion, the court assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it" (internal quotation marks and citations omitted)); Republic of Colom. v. Diageo N. Am. Inc., 531 F. Supp. 2d 365 (E.D.N.Y. 2007) (" '[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact" (quoting Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)).

The Court reaches the same conclusion with respect to the Plaintiff's factual affidavit, in which she attempts to supplement the allegations in her amended complaint to address the Government's motion to dismiss. The Court has little difficulty concluding that this affidavit does not fall within the recognized categories of documents that are appropriate to consider on a Rule 12(b)(6) motion, and declines to consider it. See Wilson v. Southampton Hosp., 14-cv-5884, 2015 U.S. Dist. LEXIS 116179, at *19-*20 (E.D.N.Y. Aug. 28, 2015) (Spatt, J.) (declining to consider plaintiff's factual affidavit on a Rule 12(b)(6) motion); Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc., 12-cv-2285, 2014 U.S. Dist. LEXIS 157806, at *34 (E.D.N.Y. Nov. 6, 2014) (Spatt, J.) (same); see also Farid v. Bouey, 554 F. Supp. 2d

301, 313 (N.D.N.Y. 2008) (Report and Recommendation) ("Since [a Rule 12(b)(6) motion] tests the legal sufficiency of a complaint, neither this court's local rules nor the Federal Rules of Civil Procedure require, or indeed even permit, the submission of an affidavit asserting facts in support of the motion absent its conversion to one seeking the entry of summary judgment").

**C.    As to Whether the Plaintiff Has Stated a Plausible Claim for Personal Injury Negligence**

" 'In order to establish a prima facie case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach.' " Barone v. United States, 12-cv-4103, 2014 U.S. Dist. LEXIS 117638, at *33-*34 (S.D.N.Y. Aug. 21, 2014) (Report and Recommendation), adopted, 2014 U.S. LEXIS 127100 (S.D.N.Y. Sept. 10, 2014) (quoting Farash v. Cont'l Airlines, Inc., 337 F. App'x 7, 9 (2d Cir. 2009)).  Further "in a 'slip and fall' action, the plaintiff must show that the defendants 'created the condition which caused the accident, or that the defendants had actual or constructive knowledge of the condition.' " Winston v. Marriott Int'l, Inc., 03-cv-6321, 2006 U.S. Dist. LEXIS 100989, at *19-*20 (E.D.N.Y. May 8, 2006) (quoting Quarles v. Columbia Sussex Corp., 997 F. Supp. 327, 330 (E.D.N.Y. 1998)).

As outlined above, the Government challenges the second element of this standard, namely, that the VA breached a duty care to the Plaintiff.  In this regard, they contend that the amended complaint fails to set forth sufficient facts to

plausibly allege: (i) that a dangerous condition existed; and (ii) if such a condition did exist, that the VA had constructive notice of it.

As to the first of these contentions, the Government relies entirely on the Berkenfeld Report for its position that the height differential between the grassy area and the curb where the Plaintiff allegedly tripped was insufficient to constitute a dangerous condition. However, as noted above, the Court declines to consider the Berkenfeld Report in adjudicating this motion. Thus, as the Government does not otherwise contend that the allegations in the amended complaint, construed in the light most favorable to the Plaintiff, fail to plausibly allege the existence of a dangerous condition, the motion to dismiss is denied on this basis.

As to the second contention, the Court is satisfied that the Plaintiff has sufficiently pleaded that the VA had constructive notice of the allegedly dangerous condition to survive Rule 12(b)(6) scrutiny. In this regard, the authority relied upon by the Government, namely, <u>Jiminez v. United States</u>, 11-cv-4593, 2013 U.S. Dist. LEXIS 50015 (S.D.N.Y. Mar. 25, 2013), is not analogous to the facts of this case. In <u>Jiminez</u>, the district court found that the plaintiff had failed to sustain his pleading burden when he "assert[]ed only that he 'fell in the bathroom/Shower' after he 'stepped on a piece of soap.'" <u>See id.</u> at *19. On those facts, the court found that the plaintiff had "failed to plead any notice to the government – constructive or actual – of the purportedly dangerous condition" and therefore had "fail[ed] to make out a negligence claim against the United States." <u>Id.</u>

12

The amended complaint in this case is not so deficient. On the contrary, Jannazzo specifically states that the VA "had constructive notice of the . . . dangerous and hazardous condition as the condition existed for a long and unreasonable length of time prior to the accident [in question], and for a sufficient length of time that Defendant, in the exercise of reasonable care, could and should have known of the existence and location of same." Am. Compl. ¶ 18. In the Court's view, this allegation of notice is patently sufficient.

In any event, even assuming the validity of the Government's position that some additional facts may be required in order to bring the amended complaint into compliance with Rule 12(b)(6), the Court would, in any event, be inclined to exercise its discretion to grant the Plaintiff leave to further amend her complaint. In this regard, the Plaintiff argues persuasively that "there are clearly facts establishing the necessary time frame" regarding the Government's alleged constructive notice contained in the Jannazzo Affidavit. See Pl. Memo of Law at 3. Although the affidavit is not proper to consider in determining the merits of the motion to dismiss, in the Court's view, it serves an analogous purpose under Rule 15(a) as would a proposed amended pleading. Thus, to the extent that the sworn Jannazzo Affidavit indicates that the Plaintiff visited the Premises one year prior to the accident and observed the same dangerous condition at that time, it would, in the Court's view, "nudge [Jannazzo's] claims [concerning the Government's constructive notice of the defective condition] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

13

## III. Conclusion

Based on the foregoing, the Court denies the Government's motion to dismiss the amended complaint in its entirety. The Government is directed to file an answer or otherwise respond in the ordinary course.

Dated:   Central Islip, New York
         April 13, 2016

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge
